**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Otto RODRIGUEZ, Defendant–
Appellant.**

No. 15–10379

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 2, 2015.

Robert Benjamin Cornell, U.S. Attorney's Office, Fort Lauderdale, FL, Wifredo A. Ferrer, Karen E. Gilbert, Kathleen Mary Salyer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Otto Rodriguez, Coleman, FL, pro se.

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Otto Rodriguez, appearing *pro se*, appeals the District Court's denial of his motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2), which was based on Amendment 782 to the Sentencing Guidelines. Rodriguez contends that that he was sentenced pursuant to U.S.S.G. § 2D1.1, and that regardless of his status as a career offender under U.S.S.G. § 4B1.1, he is automatically eligible for a reduced sentence pursuant to Amendment 782. He also argues that amendments to U.S.S.G. § 1B1.10 made after his conviction eliminated his opportunity to reduce his sentence under Amendment 782, thereby violating the *Ex Post Facto Clause*.[1]

"We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2)." *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.2012) (per curiam). A court may only reduce a term of imprisonment in limited circumstances, including when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable

---

1. U.S. Const. art. I, § 9, cl. 3.

policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Sentencing Commission's policy statement on retroactive reduction of sentences, § 1B1.10, provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). A reduction of a term of imprisonment is not consistent with this policy statement, and therefore is not authorized by § 3582(c)(2), if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range because another guideline or statutory provision controls. *Id.* § 1B1.10(a)(2)(B) & cmt. n. 1(A).

Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses listed in § 2D1.1(c). *See* U.S.S.G. app. C, Amend. 782 (2014). The amendment applies retroactively to orders with an effective date of November 1, 2015, or later. *See id.,* Amend. 788 (adding Amendment 782 to § 1B1.10(d)'s list of retroactively applicable guideline amendments and directing that, if the court orders a reduced term of imprisonment, the effective date of the court's order must be November 1, 2015, or later). Amendment 782 did not make any changes to § 4B1.1, the career-offender guideline. *See id.,* Amend. 782.

The offense level for a career offender is determined by § 4B1.1, rather than § 2D1, and a career offender automatically receives a criminal history category of VI. U.S.S.G. § 4B1.1(b); *accord* U.S.S.G. § 4B1.1 (2001). When a defendant has been sentenced as career offender under § 4B1.1, his base offense level under § 2D1.1 plays no role in the calculation of his guideline range. *Lawson,* 686 F.3d at 1320. "[When] a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Id.* (quoting *United States v. Moore,* 541 F.3d 1323, 1330 (11th Cir. 2008)).

Here, the district court did not err in denying Rodriguez's § 3582(c) motion. Although Rodriguez's initial base offense level was 28, pursuant to § 2D1.1(c)(6), his guideline sentencing range was based upon his status as a career offender, pursuant to § 4B1.1. Thus, any change to his initial base offense level as a result of Amendment 782 would not change his guideline sentencing range because the range was based solely upon § 4B1.1. *See* U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n. 1(A); *Lawson,* 686 F.3d at 1321. Moreover, there is no merit to his contention that post-conviction amendments to § 1B1.10 violated the *Ex Post Facto Clause.* The amendments did not increase the range of punishment applicable to Rodriguez above what it was at the time he committed his crimes. *See United States v. Colon,* 707 F.3d 1255, 1258 (11th Cir.2013) ("[The *Ex Post Facto Clause* ] prohibits 'the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred.' " (quoting *Weaver v. Graham,* 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981))).

AFFIRMED.